**Buford W. COLLINS, Plaintiff,**

v.

**ALLIED–SIGNAL, INC., Defendant.**

**Civ. A. No. 88–0866–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 25, 1989.

Robert P. Geary, Richmond, Va., for plaintiff.

Hill B. Wellford, Jr., Donald L. Creach, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM OPINION

SPENCER, District Judge.

This matter is before the Court on defendant Allied–Signal's ("Allied") motion for summary judgment. Plaintiff Buford W. Collins ("Collins") alleges that he was discharged because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1985 & Cum.Supp.1989). For the reasons stated below, Allied's motion will be granted.

### I.

When Allied discharged Collins on July 22, 1988, he was 67 years of age. Collins was employed as a shop machinist at Allied's Chesterfield County plant. The uncontradicted evidence establishes that on the morning of July 21, 1988, Collins walked into the break room in the plant, poured a bucket of water on another shop machinist named Alvin Sykora, smeared grease on his shirt, cursed him and called him names, brandished a "Gaylord corner brace," and threatened to hit him with the brace.

A.C. Sculthorpe, a maintenance supervisor at the plant, investigated the incident and questioned numerous eye witnesses. When Collins was confronted about the incident, he denied that it occurred. Sculthorpe, along with Al Martz, Collins' foreman, went to the break room that morning and discovered a puddle of water on the table and floor. Martz and Sculthorpe discussed the incident with the superintendent of maintenance, superintendent of maintenance engineering services, manager of employee relations, and superintendent of labor relations. The group as a whole initially decided that Collins should be sent home for the day, with pay, until the next morning.

At a second meeting, the group of management personnel agreed by consensus that Collins should be discharged. On the morning of July 22, 1988, Martz read Collins a statement from a "disciplinary transaction" form which indicated that Collins was being discharged because he threw water on an employee, rubbed grease on his clothing, directed abusive language towards the employee, threatened the employee, and brandished a club. In his affidavit, Sculthorpe states that Collins was not treated less favorably because of his age, and that he was not discharged because of his age. He stated that he was not aware of any other incidents in which an Allied employee had committed such a premeditated and unprovoked attack on an employee.

Plaintiff submitted an affidavit in which he recited that he had "spoken" with two employees involved in altercations. Collins posits that these younger employees, Ann Davis and William Moore, did not receive the severe discipline to which he was subjected.

## II.

When ruling on a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact to be adjudicated at trial. Fed.R.Civ.P. 56(c). There is no issue for trial unless there exists sufficient evidence to support a jury verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986), "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," entitling the moving party to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Moreover, when a moving party supports their motion with affidavits, the nonmoving party cannot rest on mere allegations, but must set forth specific facts in their response showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

Collins has presented no direct evidence of discrimination, so he must rely upon the presumption established by the showing of a prima facie case. The basic allocation of burdens of proof and production, and order of presentation of proof, in ADEA cases is similar to the allocation in Title VII cases. *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 239 (4th Cir.1982).

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's [discharge].' ... Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (citations omitted).

■ To establish a prima facie case of discriminatory discharge, Collins must establish: 1) that he was a member of the protected group; 2) that he was discharged; and 3) that he was qualified to do the job and was meeting his employer's legitimate expectations of performance. *See Goldberg v. B. Green and Company, Inc.*, 836 F.2d 845, 847 n. 3 (4th Cir.1988); *Lovelace*, 681 F.2d at 238–29. Some courts have held that a claimant must also prove that that he was replaced by a person without the protected group, however the Fourth Circuit has held such proof is not necessary. *See EEOC v. Baltimore and Ohio R. Co.*, 632 F.2d 1107 (4th Cir.1980).

■ The evidence submitted is sufficient to establish a prima facie case. Collins is a member of a protected group and he was discharged. There is no suggestion that he was not qualified to do the job for which he was hired, or that he was not performing at a level that met Allied's legitimate expectations.

■ Allied has articulated a legitimate nondiscriminatory reason for discharging

Collins. It is uncontradicted based on eye witness testimony that Collins committed this assault and personal attack. Moreover, the evidence indicated that Collins had already decided to assault Sykora in the break room, as he had warned another bystander to get out of the way when he entered the room. Thus, the Court rules that Allied had a legitimate reason to discharge Collins because he made a premeditated, unprovoked attack on a fellow employee in an extremely threatening manner.

Once the employer has proffered evidence that the plaintiff was rejected for a legitimate, nondiscriminatory reason, the plaintiff has the burden to show pretext and this burden "now merges with the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. *See also Lovelace*, 681 F.2d at 239.

A plaintiff alleging age discrimination has the burden of producing " 'rationally probative evidence' ... which shows the 'probability' and not mere 'possibility' of discriminatory" motive. *Foster v. Tandy Corporation*, 828 F.2d 1052, 1056 (4th Cir. 1987) (quoting *Lovelace*, 681 F.2d at 242). The Fourth Circuit has placed the burden upon plaintiffs asserting ADEA claims to show that age was a determining factor in the termination. A plaintiff must show that "but for [the employer's] motive to discriminate against him because of his age, he would not have been fired." *Goldberg*, 836 F.2d at 847 (citations omitted).

Collins does not dispute that the assault occurred as Allied has represented. Collins characterizes his burden as one to show that younger persons similarly situated were treated more favorably by Allied, thus creating an inference that age was probably the reason for the discharge. Collins' counsel informs the Court that he intends to call at trial those younger employees involved in fights or assaults that were not discharged. What Collins fails to appreciate is his burden on summary judgment. The affidavit he submitted contains only conclusory opinions consisting of pure hearsay. Collins states that he spoke with two other younger Allied employees who were allegedly involved in fights or altercations, yet were not discharged. He did not submit affidavits from these individuals. Collins attempts to infer disparate treatment based on the conclusion that younger individuals involved in altercations were not discharged, while he was. His feeble attempt to show pretext, or to show there exists a genuine issue of material fact, fails for lack of proof.

In a motion for summary judgment, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985) (citation omitted). Collins has failed to produce *any* evidence of age discrimination. Rule 56(e) requires that Collins' affidavit "be made on personal knowledge [and] ... set forth such facts as would be admissible in evidence." Collins' naked opinion, without more, is not enough to establish discriminatory motive. *Goldberg*, 836 F.2d at 848.

Collins could have deposed Allied personnel to determine whether Allied has treated similarly situated employees involved in similar incidents (if any have occurred) in a different fashion. Collins also could have obtained Allied's personnel records to provide proof of his allegations. He has done neither. Collins has the burden of showing that other employees were in fact similarly situated and were in fact treated more favorably. He has not done so, and his opinion and speculation, and those of his counsel, are not probative or sufficient to even infer discriminatory intent. To withstand summary judgment, Collins must present rationally probative evidence and raise an inference of discrimination which is reasonable, not based on speculation. *Foster*, 828 F.2d at 1056. This he fails to do.

Allied has demonstrated there is an absence of evidence to support Collins' claim. *Goldberg*, 836 F.2d at 847. Allied's motion for summary judgment will be granted.

An appropriate order shall issue.